**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff/Respondent, § | | |
| § | | |
| v. § | | CR. No. C-08-291 |
| § | | C.A. No. C-09-215 |
| ALBERT ALVARADO, § | | |
|     Defendant/Movant. § | | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Albert Alvarado's ("Alvarado") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Alvarado has several times been granted leave to supplement his motion, and there has been ample briefing on Alvarado's motion and supplemental claims. On June 15, 2010, an evidentiary hearing was held in the case.

At that hearing, the Court heard testimony from Alvarado as to the basis for his claims. Indeed, Alvarado testified at length about the basis for his § 2255 motion and why he believed his counsel was ineffective. For the reasons set forth at the hearing, the Court denied all but one of the claims he was pursuing. The other claim, one that his sentencing counsel was ineffective for failing to object to a "reckless endangerment" enhancement, the Court took under advisement so that it could consider the issue further. For the reasons set forth herein, the Court concludes that this final claim does not entitle Alvarado to relief. Accordingly, Alvarado's § 2255 motion is DENIED in its entirety for the reasons set forth at the hearing and herein. Additionally, the Court DENIES Alvarado a Certificate of Appealability.

1

# I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

# II. BACKGROUND

## A. Criminal Proceedings and § 2255 Allegations

On May 14, 2008, Alvarado was charged with a co-defendant, David Garcia-Roque, in a three-count indictment. (D.E. 20.) The indictment charged both defendants with one count of conspiracy to harbor aliens, and two counts of aiding and abetting each other in concealing, harboring, or shielding an alien from detection. (D.E. 20.) Garcia-Roque pleaded guilty to the conspiracy count. (D.E. 26, 27.) Alvarado pleaded not guilty and proceeded to trial. The jury returned a guilty verdict on the two counts of aiding and abetting to harbor aliens and a not guilty verdict on the conspiracy count. (D.E. 39.)

The statutory maximum for each of the harboring counts was 60 months, and the Court sentenced Alvarado to 58 months on each count, to run concurrent. (D.E. 58.) In a related case, Cr. No. C-04-79, the Court revoked Alvarado's supervised release term and sentenced him to 14 months in the custody of the BOP, to be served consecutive to the 58-month sentences. (Cr. No. C-04-79, D.E. 99.) Notably, when sentencing Alvarado in the case where his supervised release term was revoked, the Court expressed the following opinions of Alvarado's testimony at trial and of the verdict:

> THE COURT: I have to tell you, I thought that the verdict was pretty off the mark on the conspiracy part. I think it must have been some kind of compromised verdict. And this is a, you know, the civil matter, a different burden of proof in the revocation. I thought it was clear that he was completely in charge of this, that he had, probably should get a leadership role in the presentence investigation report

> which he didn't get, they didn't –
>
> [USPO] VOLKMANN: No, Your Honor, he did not.
>
> THE COURT: And, I mean he was, it looked to me from the evidence that he was an organizer and used his parents' house. Isn't that right, isn't this the guy that used his parents' house?
>
> MR. McMAINS: It was at his parents' house, Your Honor.
>
> THE COURT: And his poor parents, I think his mother came in and she didn't want to lie and didn't want to hurt her son either, and it was kind of a mess. And, so I am not going to sentence him for the conspiracy but I am going to tell you, I heard all that evidence, too, and it was absolutely appalling. And the way he tried to deny having anything to do with these people except they kind of came to the door and knocked on it and he wanted to help them, that was absurd, absolutely absurd ...

(D.E. 73, Sentencing Transcript ("S. Tr.") at 12-13.)

Alvarado was represented at trial and sentencing by attorney Stephen McMains. The Court subsequently appointed Chris Iles to represent Alvarado on appeal. Mr. McMains was removed as counsel after he admitted that he had mistakenly told Alvarado he had 30 days to appeal, causing him to miss the deadline for filing a Notice of Appeal. The Court granted a motion for extension of time to appeal and deemed the appeal timely filed. (D.E. 62.) On June 5, 2009, the Fifth Circuit Court of Appeals affirmed the convictions and sentence. (D.E. 80, 81.)

Alvarado filed his initial motion pursuant to 28 U.S.C. § 2255 with supporting memorandum on August 25, 2009. (D.E. 83, 84.) Since that time, the Court has allowed him several opportunities to amend and supplement his motion. (See generally D.E. 87-111.) Alvarado's § 2255 motion and various supplements alleged a large number of claims. At the evidentiary hearing, however, Alvarado narrowed those issues.

Specifically, the claims Alvarado continues to advance are as follows. First, he alleges that his trial counsel, Stephen McMains, was ineffective because he: (1) failed to call Alvarado's co-defendant as a witness at his trial and at sentencing; and (2) failed to introduce at sentencing a phone that was allegedly found at the home of Alvarado's parents, where the illegal aliens were found.

Alvarado also alleges that his counsel was ineffective at sentencing because he did not raise various objections to the Presentence Investigation Report. The objections Alvarado contends should have been made are: (1) an objection to him not receiving a minor role adjustment; (2) an objection to him not receiving a reduction for engaging in the offense "not for profit"; (3) an objection to his receiving an adjustment for obstruction of justice (PSR at ¶ 20); and (4) an objection to the enhancement for reckless endangerment of the aliens during the offense (PSR at ¶ 17). As the Court noted at the evidentiary hearing, none of these objections would have been granted by the Court, had counsel made them. In fact, the Court emphasized that it thought Alvarado likely should have received an upward adjustment for being a leader in the offense. The court also expressed at sentencing that it did not believe Alvarado's testimony at trial and that it fully believed the obstruction of justice enhancement was warranted. (S. Tr. at 12-13 (Court's statement deeming Alvarado's version of events "absurd").)

**B.     Evidentiary Hearing**

As noted, an evidentiary hearing was held on June 15, 2010. At the hearing, the Court heard testimony from Alvarado and from his girlfriend, and also heard brief testimony from McMains. Alvarado was represented at the hearing by appointed counsel, Joel Thomas. The Court denied all but one of Alvarado's claims at the conclusion of the evidentiary hearing. The Court briefly

reiterates its rationale for the denial of each of those claims herein (see infra at Sections III.B-III.D), and also addresses herein the one claim it took under advisement.

### III. ANALYSIS

**A.     Ineffective Assistance of Counsel - General Standards**

All of the claims advanced by Alvarado at the evidentiary hearing are ineffective assistance of counsel claims. Such claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one of the two prongs, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**B.     Counsel's Failure to Call Co-Defendant As Witness**

At the evidentiary hearing, Alvarado claimed that the testimony of his co-defendant, David Garcia-Roque, would have shown that he and Garcia-Roque did not know each other. He also claims Garcia-Roque's testimony would have been helpful in establishing that several of the

5

sentencing enhancements should not have applied.

Based on Alvarado's testimony at the evidentiary hearing, it appears that his co-defendant's testimony (as Alvarado believed it would be) would have exonerated Alvarado only on the conspiracy account. Notably, however, Alvarado was acquitted by the jury on the conspiracy count. Additionally, claims of uncalled witnesses are "disfavored." United States v. Harris, 408 F.3d 186, 190 (5th Cir. 2005) (citing Buckley v. Collins, 904 F.2d 263, 266 (5th Cir. 1996)). This is because "the presentation of testimonial evidence is a matter of trial strategy and because allegations as to what a witness would have testified to are largely speculative." Schwander v. Blackburn, 750 F.2d 494 (5th Cir. 1985) (citing Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978) and Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984)). Moreover, in order to show prejudice as a result of a failure to call a witness, the movant must show "not only that the testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McCotter, 775 F.2d 55, 602 (5th Cir. 1985).

The concerns raised by the cases cited above are certainly implicated here. In this case, Garcia-Roque pleaded guilty to conspiracy. He also gave a sworn statement to Border Patrol agents in which he admitted he was instructed to guide the group of aliens to Alvarado's residence. As noted by the Court at the evidentiary hearing, had he testified as Alvarado suggests he would have at Alvarado's trial, Garcia-Roque might have lost his credit for acceptance of responsibility, or might have been prosecuted for perjury. Thus, the Court does not find that Alvarado has shown a reasonable probability that the outcome of his trial or sentencing would have been different, had his counsel called Garcia-Roque as a witness.

## C. Counsel's Failure to Introduce Evidence From the Cell Phone

As to the issue of the phone, Alvarado and the other witness who testified at the evidentiary hearing candidly admitted that neither of them had personal knowledge of where the phone had come from (since it was allegedly found by Alvarado's mother), whose phone it was, or what information was contained in the phone. They also both admitted that it was not discovered or brought to the attention of counsel until after Alvarado's trial. Accordingly, at best it would have had an impact at sentencing. Even if it had been Garcia-Roque's phone, however, and had not reflected any calls to Alvarado, this would have proved only that Garcia-Roque and Alvarado had not communicated directly using that phone. As "evidence," it is entirely too speculative for the Court to conclude that the phone or information derived from it would have changed the outcome of Garcia-Roque's sentencing.

## D. Counsel's Failures to Object to Obstruction of Justice Enhancement, To Ask for a Minor Role Reduction, and to Ask For a Reduction Because Alvarado's Offense Was Not For Profit

The remaining claims advanced by Alvarado at the evidentiary hearing are all ineffective assistance of counsel claims based on counsel's alleged failure at sentencing. To establish prejudice as a result of an alleged error by counsel *at sentencing*, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged error, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004). As noted by the Court at the evidentiary hearing, all three of these are objections that, even if counsel had made them, the Court would have overruled. Moreover,

the Court concludes that there was ample evidence in the record supporting these sentencing rulings.

Additionally, Alvarado has not shown a "reasonable probability" that his sentence would have been reversed on appeal based on any of these rulings, even if it had been reviewed under a more lenient standard that "plain error." Cf. United States v. De Jesus-Ojeda, 515 F.3d 434, 442 (5th Cir. 2008) (when complaints are preserved in the district court for appeal, the Court of Appeals reviews district court's interpretation and application of Sentencing Guidelines de novo and its factual determinations for clear error) (citation omitted). Under such a review, the appellate court would uphold a district court's factual finding so long as the "enhancement is plausible in light of the record as a whole." Id. In this case, a review of the trial record reveals that the obstruction of justice enhancement was plausible in light of the record as a whole. Similarly, a finding that neither a minor role reduction or a "not for profit" reduction was warranted is likewise plausible in light of the records as a whole. In short, Alvarado cannot show any prejudice, because the result of his case would not have been different – either at sentencing or on appeal – had counsel raised these issues.

**E. Counsel's Failure to Object to the Enhancement Based on the Offense Involving a Substantial Risk of Death or Serious Bodily Injury**

The sole remaining issue in these § 2255 proceedings, which the Court informed the parties it would take under advisement at the hearing, is Alvarado's claim that his sentencing counsel was ineffective for failing to object to the enhancement for substantial risk of death or serious bodily injury, pursuant to U.S.S.G. § 2L1.1(b)(6). Alvarado's appointed § 2255 counsel argued that sentencing counsel should have objected to the "reckless endangerment" enhancement. The purported basis for the objection would have been that the facts supporting the enhancement were

that the aliens were not given food during their time in the brush, but that Alvarado was not involved in leading the aliens through the brush and was in fact acquitted of the conspiracy charge. Instead, he was convicted only of harboring illegal aliens.

Section 2255 counsel further argued that, even if the Court would have overruled that objection at sentencing, the standard on appeal would have been an easier standard, had counsel made the objection at sentencing. Thus, counsel argued that there is at least a "reasonable probability" that the Fifth Circuit would have reversed and remanded for re-sentencing without the enhancement. Had the Fifth Circuit done so, Alvarado likely would have received a lesser sentence.

At the evidentiary hearing, the United States argued that the enhancement was properly applied, even though Alvarado was acquitted of the conspiracy count. First, AUSA Cusick pointed out that the Court expressed its belief that Alvarado was in fact guilty of the conspiracy, based on its own evaluation of the testimony at trial. Additionally, the United States argued that in the case of aiding and abetting, which was what Alvarado was convicted of, a defendant is properly held responsible for all actions of any other participants in the offense that were "reasonably foreseeable." U.S.S.G. § 1B1.3(a)(1)(B). The United States argued that it was reasonably foreseeable that the aliens might be led through the brush for days without food, and that the enhancement for reckless endangerment was thus proper.

The Court also heard from attorney McMains on this issue. McMains testified that he had considered raising such an objection, but ultimately rejected it. He explained that he had researched the issue, and that his research led him to believe that the United States' position on the issue was correct such that the objection would not be successful. That is, he agreed with the United States

that the evidence supported a finding that it was "reasonably foreseeable" to Alvarado that the aliens might be endangered during their trek through the brush. He thus made a strategic decision not to raise the objection.

The case of <u>United States v. Angeles-Mendoza</u>, 407 F.3d 742 (5th Cir. 2005) is particularly instructive on this issue. In that case, the Fifth Circuit held that the trial court had properly applied the § 2L1.1(b)(5)[1] to a defendant who worked at a stash house as part of an alien smuggling conspiracy. The enhancement was based on factual information that aliens had been driven in a modified truck in which the back seats had been removed in order to transport additional aliens in the back of the truck. 407 F.3d at 750-51. Even though there was no evidence that this particular defendant ever drove the aliens, the appellate court held that the district court did not err in applying the enhancement to him. <u>Id.</u> The appellate court explained its rationale as follows:

> In granting sentencing adjustments ... the district court is not limited to considering acts of a particular defendant, but may also consider "all reasonably foreseeable acts and omissions of others in furtherance of the jointly taken criminal activity," ***irrespective of whether it was actually charged as a conspiracy***. U.S.S.G. § 1B1.3(a)(1)(B). <u>See also</u> <u>United States v. Morris</u>, 46 F.3d 410, 422 (5th Cir. 1995).

407 F.3d at 751-52 & n.18 (emphasis added).

It is impossible to know, of course, what the basis for the jury verdict of acquittal on the conspiracy charge was. In any event, even though Alvarado was acquitted of conspiracy, the facts of the case make clear to the Court that there was a jointly undertaken criminal activity. Moreover,

---

[1] The defendant in <u>Angel-Mendoza</u> was sentenced under an earlier version of U.S.S.G. § 2L1.1. Effective November 1, 2006, subsection 2L1.1(b)(5) was redesigated as 2L1.1(b)(6). <u>See</u> U.S.S.G., Appx. C, Supp. at Amendment 692. No change to the text was made. Thus, the provision discussed in <u>Angel-Mendoza</u> is identical to the provision at issue in the instant case.

the counts for which he was convicted were counts in which he and Garcia-Roque were charged with aiding and abetting each other. Moreover, it is wholly implausible to the Court that this group of aliens just happened to stumble upon Alvarado's parents' home, and that he just happened to allow them to sleep in one particular room and to feed them. In particular, the statements of Alvarado's co-defendant to agents make clear that he was instructed to take the group to that particular home. There was ample evidence of jointly undertaken criminal activity and thus the Court concludes that the record amply supported that Alvarado knew, prior to the aliens arriving at his home, that they would be traveling through the brush. The Court further concludes that it was reasonably foreseeable to Alvarado that the group would have to travel through the brush for extended periods of time and might be given inadequate food or water.

For these reasons, had sentencing counsel raised an objection to the enhancement under § 2L1.1(b)(6), this Court would have overruled it. The Court continues to believe that the enhancement was properly applied, despite Alvarado's acquittal on the conspiracy count. See Angeles-Mendoza, supra; Morris, supra.

The Court agrees with § 2255 counsel that, if the objection had been raised, the standard on appeal would have been easier for Defendant. The Court also recognizes that the Fifth Circuit based its rejection of Alvarado's claims that the Court erred in applying the enhancement on the fact that it was reviewing only for "plain error." (See D.E. 81.) But based on Angel-Mendoza and Morris, the Court concludes that Alvarado has not shown a "reasonable probability" that the outcome on appeal would have been different, had sentencing counsel raised the issue. Even under a lesser standard of review, the enhancement is "plausible in light of the record as a whole." See De Jesus-

Ojeda, 515 F.3d at 442 (discussing appellate standard of review).

Significantly, moreover, even if the Fifth Circuit might have reversed on the issue and even if Alvarado could establish prejudice, the Court concludes that he cannot establish that his counsel was deficient. In particular, the Court has before it McMains' undisputed testimony from the evidentiary hearing that he had researched the issue and considered raising the objection, but after researching it decided that it would not be fruitful. The Court cannot find that McMains was deficient, given the standard applied when evaluating counsel's performance.

Specifically, when determining whether a tactical decision by counsel was deficient, the Fifth Circuit has repeatedly admonished that attorneys should not be subjected to unrealistic standards. When reviewing a § 2255 motion, "the acuity of hindsight is not [the] proper lens." United States v. Faubion, 19 F.3d 226 (5th Cir. 1994). Indeed, as the Fifth Circuit has explained:

> Judicial scrutiny of counsel's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time." ... There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

United States v. Harris, 408 F.3d 186, 189 (5th Cir. 2005) (citations omitted). In this case, that deference due counsel's performance precludes relief for Alvarado. In short, he has wholly failed to overcome the "strong presumption" that his counsel's performance on this issue was reasonable.

### F.     Other Claims

There were a number of other claims that Alvarado raised in either his initial motion or his supplemental motions that were not the focus of the evidentiary hearing. Indeed, many of them were

not even mentioned at the evidentiary hearing. To the extent that those claims are not considered abandoned, but remain pending before the Court, they are DENIED. All of his claims that allege error by the Court are claims that are procedurally barred from consideration here, either because they were raised on appeal and they were rejected, United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986), or because he failed to raise them on appeal, and has not shown cause and prejudice for his failure, or actual innocence.[2]

Alvarado's claims that his appellate counsel was ineffective are largely conclusory. He argues that his appellate attorney, Chris Iles, failed to raise unspecified issues on appeal, failed to communicate with Alvarado about the case, and failed to return Alvarado's phone calls. These claims provide no detail as to the specific deficiencies or how Alvarado was prejudiced and fail for this reason alone. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted). In particular, Alvarado does not identify what claims he believes counsel should have raised and did not. Alvarado simply has not shown ineffective assistance of counsel by appellate counsel.

To the extent Alvarado is claiming that appellate counsel was ineffective for failing to raise claims that trial counsel was ineffective , such a claim fails because ineffective assistance of counsel claims cannot generally be considered on direct appeal. United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). The record was not

---

[2] See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is actually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

sufficiently developed to address these claims. Thus, it was neither deficient nor prejudicial of counsel to not raise them on direct appeal.

Similarly, his remaining claims of ineffective assistance of counsel have been considered by the Court and, in each, he fails to either establish deficiency or prejudice or both.

For all of the foregoing reasons, Alvarado's § 2255 motion is DENIED in its entirety.

### G.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Alvarado has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Alvarado is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.

United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Alvarado is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims on their merits, nor could they debate the Court's procedural rulings herein.

## IV. CONCLUSION

For the foregoing reasons, Alvarado's original and supplemental motions pursuant to 28 U.S.C. § 2255 are DENIED. Alvarado is also denied a Certificate of Appealability.

It is so ORDERED this 21st day of June, 2010

_____
Janis Graham Jack
United States District Judge